their respective attorney's fees and expenses. In the order appealed from, the Supreme Court determined that the plaintiff and the defendant should each be responsible for paying the attorney's fees and expenses incurred by their respective counsel. In addition, the Supreme Court, sua sponte, reduced by 25% the amount of the attorney's fee payable by the plaintiff to the nonparty appellant law firm, Jones, LLP (hereinafter the appellant), on the ground that the fee was excessive. However, since the issue of whether the attorney's fees earned by the appellant were excessive had not been raised, the Supreme Court improperly granted such relief sua sponte (*see Cass & Sons v Stag's Fuel Oil Co.*, 194 AD2d 707, 708 [1993]; *see also Celauro v Celauro*, 257 AD2d 588, 589 [1999]; *Bisca v Bisca*, 108 AD2d 773, 775 [1985]).

The appellant's remaining contention need not be addressed in light of our determination. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.

■ ESIN COLPAN, Appellant, v ALLIED CENTRAL AMBULETTE, INC., et al., Respondents. [948 NYS2d 564]

Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.

■ ESIN COLPAN, Respondent, v ALLIED CENTRAL AMBULETTE, INC., et al., Appellants. [949 NYS2d 124]—